**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHECK CASHING & MONEY CENTER, INC.,**

        **Plaintiff,**

**-vs-**                                                         **Case No. 6:05-cv-1682-Orl-28DAB**

**JERRY HAMMER, KENNETH RUSHING,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO SUBSTITUTE THE UNITED STATES AS FEDERAL DEFENDANT (Doc. No. 9)**
>
> **FILED:** December 16, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

From the limited record before the Court, it appears that Plaintiff filed the instant suit in small claims court, seeking damages for "pass stolen money order." (Doc. No. 1). It appears as though the Complaint seeks to name Kenneth Rushing, the Postmaster of Melbourne, as a defendant, in addition to a private individual. The Complaint is the epitome of pith, and no facts are alleged which would indicate that Rushing is being sued in his individual capacity.

The action was removed to this Court by the United States, which asserts in the instant motion that it is the proper defendant in a suit against the Postmaster, a federal employee, acting in his official

capacity. Plaintiff, which has made no appearance in this case since its removal, has not filed a response to the motion. The United States cites 28 U.S.C. § 2679(d)(2), which provides, in part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant. . .

28 U.S.C. § 2679(d)(2).

As authority has been delegated by the Attorney General to the United States Attorneys to make the certification, 28 C.F.R. § 15.4(a), and the United States Attorney for the Middle District of Florida has filed such a certification here (Doc. No. 3), absent any objection, the Court accepts the certification as true and thus, the United States is properly substituted as defendant, and Rushing must be dismissed. 28 U.S.C. § 2679(d)(2); *see also Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998); *Mays v. U.S. Postal Service*, 928 F.Supp. 1552, 1561 (M.D. Ala. 1996).

The style of the case is hereby **amended** to reflect the United States, as proper party Defendant in lieu of Rushing.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties